762 A.2d 981

TOWN OF CHEVERLY POLICE DEPARTMENT, et al.

v.

Derek Leocadio DAY.

No. 2744, Sept. Term, 1999.

Court of Special Appeals of Maryland.

Nov. 29, 2000.

Richard T. Colaresi (Northrop, Walsh, Becker, Colaresi & Spears, on the brief), Bowie, for appellants.

Benjamin R. Wolman and Lynae Turner, Upper Marlboro, for appellee.

Argued before MOYLAN, HOLLANDER and SONNER, JJ.

MOYLAN, Judge.

The appellant, the Town of Cheverly Police Department ("the Cheverly Department"), challenges an Order issued by Judge C. Philip Nichols, Jr., in the Circuit Court for Prince George's County regarding the entitlement of the appellee, Derek L. Day ("Day"), to benefits under the Law Enforcement Officers Bill of Rights ("LEOBOR"). The Department presents numerous issues on appeal for our review. All of those issues, however, boil down to one very basic issue now before us. That is:

Did Judge Nichols err in finding that Day, as a police officer, was entitled to the various rights and protections afforded under the LEOBOR?

## Factual and Procedural Background

For approximately nineteen years, Day was employed as a law enforcement officer by the University of Maryland at Baltimore Police Department ("UMPD"). In the spring of 1999, he applied for a position as an officer with the Cheverly Department. As part of the application process, Day verified that, to his knowledge, at the time of his application, no investigation was pending from his former employer. Sergeant Michele Carlson, who was assigned by the Department to conduct a background check of Day, found the check to be satisfactory and aided him in obtaining a required certification card[1] issued by the Maryland Police Training Commission ("MPTC").

---

1. COMAR 12.04.01.06, entitled "Police Officer Certification," provides that "[t]he Commission shall issue a certification card to an eligible

Day still possessed a certification card from the UMPD, as he had not yet officially resigned from his position there.[2] The delay in Day's resignation from the UMPD was due to the fact that during his nineteen years of employment there, he had accumulated a significant amount of unused sick leave. Accordingly, even after beginning his employment with the Cheverly Department, Day was still receiving sick leave pay from the UMPD. Day informed the Cheverly Department of his situation, and on July 2, 1999, he officially resigned from the UMPD when his sick leave was exhausted.

Sometime during the period between Day's application for employment with the Department (*i.e.*, April of 1999) and his resignation from the UMPD (*i.e.*, July of 1999), Day was informed that he was under investigation by the UMPD and that he could be facing possible criminal charges for collecting sick leave pay. Based on that information, the Cheverly Department returned Day's certification card to the MPTC and suspended him, with pay, on July 28, 1999, informing Day that because he was only a "probationary employee" he was not entitled to rights under the LEOBOR.

On July 27, 1999, Day sought injunctive relief in the form of a temporary restraining order prohibiting the Cheverly Department from suspending him until a hearing could be held. Two days later Judge Nichols issued an Order that, as reflected in the docket entries,

> Ordered that the Def. Chief [of Police] Gilbert Jones, Jr., and Town of Cheverly ... are restrained and enjoined from terminating of employment and benefits through *ex parte* relief.

---

police officer indicating that the officer is certified by the Commission.... Possession of the certification card indicates the authority to enforce the general criminal laws of Maryland." § C.(1), (2).

**2.** COMAR 12.04.01.06 also provides that "[a]n individual may be employed by more than one law enforcement unit at the time" but that individual must "[b]e certified at each law enforcement unit" and "[b]e issued a certification card for each law enforcement unit." F.(1), (2) ("Multiple Certification").

On August 5, 1999, counsel for the Department informed Day via letter:

> *I have been instructed by my client to* withdraw the termination letter of Derek Day and to *afford Mr. Day all the protections of the LEOBR so that he will not be treated as a probationary employee.* It is my understanding, pursuant to discussions with you, that upon receipt of this letter you will dismiss the Complaint/Petition filed in [this] matter.

(Emphasis supplied).

On September 28, 1999, Day was acquitted of criminal charges brought by the UMPD in the Baltimore City District Court. Despite his acquittal, however, the Cheverly Department did not request the return of Day's certification card from the MPTC even though that single cloud on his former employment and, therefore, his new employment had then totally disappeared. Instead, in a letter sent to him from the Department's Chief of Police on October 12, 1999, Day was informed:

> Effective immediately, the Cheverly Police Department is withdrawing the suspension of your police powers and removing you from your non-officer status.
>
> Effective October 14, 1999, your employment with the Cheverly Police Dept. is terminated. You may appeal this decision within three (3) days of receipt of this letter. You are presently without certification by the MD Police Training Commission.... The MD Police Training Commission requested the return of your original certification card, and we have complied with that request.
>
> During the application process you signed a release of personal information form that allows us to determine your suitability for employment. Information received during a background check with the University of Maryland at Baltimore revealed adverse material that would have disqualified you from employment had it been discovered initially.

Based on the actions of the Department, on October 14, 1999, Day filed a "Petition for Contempt and for *Ex Parte,* Temporary, and Permanent Injunctive Relief, Temporary Re-

straining Order and/or Stay of Proceedings" seeking to prevent the Department from terminating his employment. An evidentiary hearing was scheduled before Judge Nichols on October 27, 1999. Prior to that hearing, however, Judge Nichols determined that because Day's lack of a valid certification card was the Department's reason for terminating him from employment, the best course of action would be to defer the hearing until the MPTC had an opportunity to review its action in revoking Day's certification card.

Pursuant to the directions of the circuit court, the parties appeared before the MPTC on November 16, 1999. The MPTC, however, declined to hold a hearing on the matter because the Department had never requested from the MPTC the reissuance of Day's certification card. The MPTC affirmed that it could not take any action until such a request had been made by the Department.

Day again sought relief in the circuit court by requesting an emergency hearing on the matter. The Department opposed the request for a hearing and additionally requested a Motion to Dismiss or Summary Judgment in its favor. On December 29, 1999, and January 4, 2000, a hearing was held before Judge Nichols.[3] On January 11, 2000, an "Opinion and Order of Court" was issued in which Judge Nichols explained:

We do not believe the rights granted under LEOBR are in any way contingent or dependent on the actions of the MPTC. The MPTC is a separate, statutory creation of the Maryland General Assembly for the purpose of establishing and maintaining standards for the training of police officers in our state. At no time to our knowledge did the legislature intend that disciplinary proceedings should commence, or be resolved, before the MPTC. While we recognize the uniqueness of the situation before us, we are convinced that absent the actions of the police chief, the plaintiff would still·

---

**3.** Through no fault of either party, on the December 29 hearing date the audio equipment failed to record any sound from the proceedings. Thus, the reporting service was unable to transcribe the proceedings on that date.

be certified as a police officer before the MPTC. Absent the Town of Cheverly's "side channel" approach to the resolution of this purely disciplinary problem, there would be no issue and the hearing would have been held and the issues now resolved.

There is reason to believe the plaintiff may be subject to an investigation and perhaps disciplinary action as a result of his application for employment with the Town of Cheverly. There was a background investigation prior to his offer of employment and the town commenced an investigation to determine whether the information provided by plaintiff was accurate. This formed the basis, in part, for his decertification hearing before the MPTC. He was advised of his LEOBR and elected to assert them. We still believe he is entitled to them.

Judge Nichols then held:

ORDERED, that defendants be and they are hereby directed to comply with the provisions of Art. 27, § 727 [LEOBR], *et. seq.*, with regard to any further disciplinary action or proceedings against plaintiff, and it is further

ORDERED, that plaintiff is restored to his *status quo ante* as an employee of the Town of Cheverly as of April 5, 1999, and may be assigned such duties as deemed appropriate under the law and [COMAR], and it is further

ORDERED, that all other motions to dismiss, for summary judgment, for sanctions, or any other relief be, and the same are hereby, DENIED.

Following the Department's unsuccessful attempt to obtain a Stay preventing it from having to reinstate Day while appealing the circuit court's ruling,[4] this appeal was noted.

### Day's Motion to Dismiss

 Before reaching the merits of this appeal, we shall first address Day's assertion that the Department's appeal

---

4. The Department sought the Stay from the circuit court, this Court, and the Court of Appeals. All such requests were denied.

should be dismissed due to the lack of a transcript from the December 29, 1999, proceedings before Judge Nichols. Pursuant to Maryland Rule 8–602(a)(6), we retain discretion to dismiss an appeal for failure to comply with the appellate rules for the filing of a proper record. *Boswell v. Boswell,* 118 Md.App. 1, 24, 701 A.2d 1153 (1997). We decline to exercise that discretion in the instant case. We are confident that we "now have before us all materials necessary to decide this appeal," *id.* at 24–25, 701 A.2d 1153, and the lack of a transcript was through no fault of the Department. The Motion to Dismiss is denied.

## Discussion

The Cheverly Department contends that the circuit court erroneously ordered it to comply with the provisions of LEO-BOR before taking any action with regard to Day's status as a police officer. Specifically, it argues that Day does not fit the definition of an "officer" under the LEOBOR if he does not possess the requisite certification card. Md.Ann.Code, art. 27 § 727(b)(5), defines a "law enforcement officer" as "any person who, in an official capacity, is authorized by law to make arrests and who is a member of ... [t]he police department ... of any incorporated city or town." The Cheverly Department argues that because Day was lacking his certification card from the MPTC, he was precluded from making arrests. *See* COMAR 12.04.01.06C.(2) ("Possession of a certification card indicates the authority to enforce the general criminal laws of Maryland."). According to the Cheverly Department, therefore, because the MPTC revoked Day's certification card, Day was precluded from making arrests; and, because he was precluded from making arrests, he did not fit the definition of a "law enforcement officer" and he was not entitled to the protections of the LEOBOR. The Cheverly Department's position is flawed in several respects.

What the Cheverly Department ignores is that when it began its efforts to terminate Day as an officer in July of 1999, Day *did* have a valid certification card issued by the MPTC. As previously indicated, the Department conducted a facially

adequate background check of Day prior to his acceptance as an officer with the Department. Sergeant Carlson, who was assigned by the Cheverly Department to conduct that background check, submitted an "Application for Law Enforcement Certification" to the MPTC on behalf of Day and in that application stated:

> Ofc. Derek Day was a University of Maryland @ Baltimore Patrol Officer *in good standing* when he was accepted by the Cheverly Police Dept. as a lateral transfer officer.

(Emphasis supplied). Based on Sergeant Carlson's recommendations, Day was issued a certification card by the MPTC and on April 14, 1999, Day was sworn in as an officer with the Cheverly Department.

■ The Department nowhere contends that on April 14 when Day was sworn into office, he was only a probationary employee and therefore not eligible to receive LEOBOR rights. In fact, in the August 5, 1999, letter to Day sent by the Cheverly Department's counsel it admitted that Day was, in fact, a non-probationary employee: "I have been instructed by my client to ... afford Mr. Day all the protections of the LEOBR *so that he will not be treated as a probationary employee.*" (Emphasis supplied). Therefore, in July of 1999 when the Cheverly Department began its effort to have Day removed from the Cheverly Department, Day *was* a "law enforcement officer" as defined by art. 27 § 727(b)(5), and he *was* entitled to the protections afforded by the LEOBOR. *See also* Md.Ann.Code, art. 41 § 4–201(g)(1), (2) ("If the [MPTC] believes that grounds for revocation or suspension of an officer's certificate ... may exist ... [t]he Commission *shall* hold a hearing ... prior to the suspension or revocation of the officer's certificate.")(Emphasis supplied).

■ There is yet an additional and independent reason why Judge Nichols acted properly in ordering that the Department afford Day all of his rights and protections available under the LEOBOR. When the matter first came before Judge Nichols for a hearing in late October of 1999, he deferred ruling on the matter so that the parties could appear before the MPTC for a

review of its actions in revoking Day's certification card. When the parties did so, however, the MPTC stated that it did not have the authority to return Day's certification card until such return was requested by the Cheverly Department. Day, as he writes in his brief, "cannot directly request that his card be reinstated," and he is, unfortunately, "at the mercy of the [Department] in that he will only regain his certification if they request it."

Day was undoubtedly faced with somewhat of a *Catch 22*- only the Cheverly Department could request the reissuance of his certification card, but, until the Cheverly Department did so, Day could not qualify as a "law enforcement officer" thus entitling him to LEOBOR protections from his dismissal by the Department. Judge Nichols recognized this apparent "win-win" situation for the Cheverly Department as well as the Cheverly Department's attempt to exploit its superior position when, in his Opinion, he stated that the Cheverly Department had attempted to "side channel" the resolution of the ongoing dispute between the parties. We think Judge Nichols properly recognized the inequities facing Day and he properly determined that fundamental fairness dictated that Day be afforded his LEOBOR rights and protections. To the extent that Judge Nichols made certain evidentiary findings in reaching that ultimate conclusion, we are unpersuaded that any reversible error occurred.

***JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.***